```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/6/2015
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
      :
MARGIE CHASSMAN and SAMEY     :
GEBREMENGIST,     :
     :    1:15-cv-4869-GHW
           Plaintiffs,  :
     :    ORDER TO SHOW
        -against-    :    CAUSE
     :
MULUGETA BEZZABEH; ETHIOPIAN   :
AGRICULTURAL AND INDUSTRIAL    :
AMALGAMATED SCO.; CHINA JIANGXI :
CORPORATION FOR INTERNATIONAL :
ECONOMIC AND TECHNICAL           :
CORPORATION (CJCIETC); ALEMTSEHAI :
ZERIHUM; YACOB MULUGETA; AND   :
MELEY MULUGETA,     :
     :
           Defendants.  :
     :
------------------------------------------------------------- X

GREGORY H. WOODS, District Judge:

        Plaintiffs commenced this action on June 23, 2015 against the above-captioned defendants. As the basis for this Court's subject matter jurisdiction, plaintiff invokes 28 U.S.C. § 1332(a), asserting that the parties are diverse and the amount in controversy is over $75,000.  *See* Complaint, Dkt. No. 1, at ¶ 2.  To establish jurisdiction under 28 U.S.C. § 1332, there must be complete diversity of citizenship, such that "*each* defendant is a citizen of a different State from *each* plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978) (emphasis in original).  Plaintiffs, as the party invoking diversity jurisdiction, "must allege in [their] pleading the facts essential to show jurisdiction." *McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 189 (1936); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010) ("The burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it.").

Defendants Ethiopian Agricultural and Industrial Amalgamated SCo. and China Jiangxi Corporation for International Economic and Technical Corporation (CJCIETC) are both corporations. *See* Complaint at ¶ 7-8. Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."

Plaintiffs fail to properly allege the principal place of business for either of the corporate defendants. Thus, the Court cannot determine whether complete diversity exists, and without complete diversity, the Court does not have subject matter jurisdiction over this case.

"If subject matter jurisdiction is lacking . . . , the court has the duty to dismiss the action *sua sponte*." *Durant, Nichols, Houston, Hodgson & Cortese-Costa P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Accordingly, plaintiff is hereby ORDERED TO SHOW CAUSE by July 20, 2015 as to why this action should not be dismissed for lack of subject matter jurisdiction.

SO ORDERED.

Dated: July 6, 2015  
New York, New York

_____  
GREGORY H. WOODS  
United States District Judge