```
                                                                USDC SDNY
                                                                DOCUMENT
                                                                ELECTRONICALLY FILED
UNITED STATES DISTRICT COURT                                    DOC #: _____
SOUTHERN DISTRICT OF NEW YORK                                   DATE FILED: 12/7/16
------------------------------------------------------------- X
                                                            :
MARGIE CHASSMAN and SAMEY                                   :
GEBREMENGIST,                                               :
                                                            :           1:15-cv-4869-GHW
                                    Plaintiffs,             :
                                                            :           MEMORANDUM
                -against-                                   :        OPINION AND ORDER
                                                            :
MULUGETA BEZZABEH, et al.                                   :
                                                            :
                                    Defendants.             :
                                                            :
------------------------------------------------------------- X
```

GREGORY H. WOODS, District Judge:

Plaintiffs *pro se* Margie Chassman and Samey Gebremengist brought this action against six defendants, challenging a number of allegedly fraudulent acts committed by Mulugetta Bezzabeh with respect to two corporations based in Ethiopia. The principal defendant, Mr. Bezzabeh, has since died. The only remaining defendants are Alemtsehai Zerihun, Meley Mulugetta, and Yacob Mulugetta, Mr. Bezzabeh's wife, daughter and son, respectively. Meley Mulugetta and Yacob Mulugetta (the "Mulugettas") now move to dismiss the amended complaint for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure. For the reasons that follow, the Mulugettas' motion is GRANTED.

I.  BACKGROUND

Plaintiffs filed their complaint on June 23, 2015 and their amended complaint on July 17, 2015. Dkt. Nos. 1, 6. The amended complaint contains a litany of allegations against Mr. Bezzabeh, but beyond naming Meley and Yacob Mulugetta as defendants to this case, and listing their names again in the section of the amended complaint entitled "Prayer for Relief," it does not allege their personal involvement in any of the alleged wrongdoing described in the amended complaint. The affidavits submitted by the Mulugettas establish that they are the children of Mr. Bezzabeh. Meley

Mulugetta lives in Canada. Yacob Mulugetta lives in the United Kingdom.

During a November 9, 2016 conference, the Court granted the Mulugettas leave to file a motion to dismiss the amended complaint pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. The Court established a November 23, 2016 deadline for the motion and adopted Mr. Gebremengist's proposed deadline for Plaintiffs' opposition to the motion. As of the date of this order, Plaintiffs have not filed a timely opposition to the Mulugettas' motion to dismiss, nor have they requested an extension of time in which to do so.

## II.   LEGAL STANDARD

Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes motions to dismiss on the basis of lack of personal jurisdiction over a defendant. "In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists." *Eades v. Kennedy, PC Law Offices*, 799 F.3d 161, 167-68 (2d Cir. 2015) (quoting *Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 732 F.3d 161, 167 (2d Cir. 2013)). The plaintiff's prima facie showing "must include an averment of facts that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction over the defendant." *In re Terrorist Attacks on September 11, 2011*, 714 F.3d 659, 673 (2d Cir. 2013) (quoting *Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163 (2d Cir. 2010) (internal quotation marks omitted)).

"On a Fed. R. Civ. P. 12(b)(2) motion to dismiss for lack of personal jurisdiction, plaintiff bears the burden of showing that the court has jurisdiction over the defendant." *See also Bank Brussels Lamberts v. Fiddler Gonzalez & Rodriguez*, 171 F.3d 779, 784 (2d Cir. 1999) ("When responding to a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant."); *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 622 (S.D.N.Y. 2012) ("Once a defendant has raised a jurisdictional defense on a Rule 12(b) motion to dismiss, the plaintiff bears the burden of proving sufficient contacts with the

2

relevant forum to establish jurisdiction over each defendant."). It is well-established that "in deciding a pretrial motion to dismiss for lack of jurisdiction a district court has considerable procedural leeway" and it "may determine the motion on the basis of . . . affidavits alone." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (citation omitted).

"District courts resolving issues of personal jurisdiction must . . . engage in a two-part analysis. First, they must determine whether there is jurisdiction over the defendant under the relevant forum state's laws . . . . Second, they must determine whether an exercise of jurisdiction under these laws is consistent with federal due process requirements." *Bank Brussels Lamberts*, 171 F.3d at 784. "To establish personal jurisdiction over a defendant, due process requires a plaintiff to allege (1) that a defendant has 'certain minimum contacts' with the relevant forum, and (2) that the exercise of jurisdiction is reasonable in the circumstances." *Sept. 11*, 714 F.3d at 673 (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "To determine whether a defendant has the necessary 'minimum contacts,' a distinction is made between 'specific' and 'general' personal jurisdiction." *Id.*

"A court may assert general jurisdiction over a foreign defendant to hear any and all claims against that defendant only when the defendant's affiliations with the State in which the suit is brought 'are so constant and pervasive so as to render it essentially at home in the forum State.'" *Waldman v. Palestinian Liberation Org.*, 835 F.3d 317, 331 (2d Cir. 2016) (quoting *Daimler AG v. Bauman*, 134 S. Ct. 746, 751 (2014)). "[W]hile *Daimler* involved corporations . . . there is no reason to invent a different test for general personal jurisdiction depending on whether the defendant is an individual, a corporation, or another entity." *Id.* at 332. "Specific jurisdiction, on the other hand, depends on an affiliation between the forum and the underlying controversy, principally, activity or an occurrence that takes place in the forum State and therefore subject to the State's regulation." *Id.* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)).

## III. DISCUSSION

It is not clear whether Plaintiffs seek to establish general or specific personal jurisdiction over the Mulugettas. Nor do Plaintiffs identify a basis under New York law to find personal jurisdiction over these defendants or explain why the exercise of such jurisdiction would be consistent with constitutional due process. But what is clear is that Plaintiffs have failed to provide *any* factual averments in support of the notion that such jurisdiction exists, either in the amended complaint or in response to the Mulugettas' motion to dismiss. As discussed, the amended complaint simply contains no allegations concerning the Mulugettas, either with respect to their involvement in the alleged wrongful acts described in the amended complaint or with respect to any contacts of the Mulugettas with the New York forum. As the cases cited above make clear, it is Plaintiffs' burden to establish that this Court holds personal jurisdiction over the Mulugettas. The Mulugettas have submitted affidavits in support of their motion to dismiss in which they attest that they live abroad, do not own property, transact business in, or derive revenue from New York, and have not travelled to New York in connection with matters relevant to this case. *See* Dkt. No. 97, Ex. 3; Dkt. No. 97-2, Ex. 4. Plaintiffs, on the other hand, have attempted to make no showing in support of their burden to establish the Court's personal jurisdiction over the Mulugettas. Accordingly, the Mulugettas' motion to dismiss the amended complaint under Rule 12(b)(2) must be granted.

## IV. CONCLUSION

The motion of defendants Meley Mulugetta and Yacob Mulugetta to dismiss the amended complaint pursuant to Fed. R. Civ. P. 12(b)(2) is GRANTED and they are dismissed from this case.

The Clerk of Court is directed to remove Meley Mulugetta and Yacob Mulugetta from the list of defendants in this matter, and to terminate the motions pending at Dkt. Nos. 97, 98 and 99. The Clerk of Court is further directed to send a copy of this order to Plaintiffs Margie Chassman

and Samey Gebremengist by certified mail.

     SO ORDERED.

Dated: December 7, 2016  
New York, New York

                                        GREGORY H. WOODS  
                                       United States District Judge