```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                                           :
MARGIE CHASSMAN and SAMEY                                  :
GEBREMENGIST,                                              :
                                                           :       1:15-cv-4869-GHW
                                     Plaintiffs,           :
                                                           :       MEMORANDUM
             -against-                                     :       OPINION AND ORDER
                                                           :
ALEMTSEHAI ZERIHUN,                                        :
                                                           :
                                     Defendant.            :
                                                           :
----------------------------------------------------------- X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/6/17

GREGORY H. WOODS, District Judge:

Plaintiffs *pro se* Margie Chassman and Samey Gebremengist have filed an application to substitute the Ethiopian court-appointed administrator of deceased Defendant Mulugeta Bezzabeh's estate pursuant to Rule 25 of the Federal Rules of Civil Procedure.  For the reasons stated below, this motion is DENIED, without prejudice to the filing of a separate action against the administrator of Mr. Bezzabeh's estate.

**I.  BACKGROUND**

Plaintiffs filed this action on June 23, 2015.  On March 11, 2016, counsel for Defendant Mulugeta Bezzabeh filed a letter indicating that Mr. Bezzabeh had passed away on March 10, 2016. Dkt. No. 40.  In an order dated March 14, 2016, the Court construed counsel's March 11 letter as a suggestion of death under Federal Rule of Civil Procedure 25(a), and noted that by operation of the rule, "any party [could] file a motion for substitution pursuant to Rule 25(a)(1) no later than June 13, 2016."  Dkt. No. 43.

Plaintiffs filed a motion for substitution on June 8, 2016.  Dkt. No. 50.  The Court denied that motion without prejudice on June 13, 2016, explaining that "Plaintiffs fail to provide any evidence in support of their motion that a representative has been appointed to administer Mr.

Bezzabeh's estate or that the estate has been fully distributed to any successors." Dkt. No. 51. Nevertheless, the Court granted Plaintiffs a thirty-day extension of time to file a renewed motion for substitution. *Id.* at 2.

Plaintiffs filed a renewed motion for substitution on July 11, 2016, seeking to substitute the purported "legal heirs" of Mr. Bezzabeh, namely his wife and three children. Dkt. No. 55. The Court denied the renewed motion on August 8, 2016, for largely the same reasons that Plaintiffs' first motion for substitution was denied. Dkt. No. 62. However, in light of Plaintiffs' *pro se* status, the Court granted Plaintiffs leave to file a renewed motion for substitution no later than September 7, 2016. *Id.* at 3.

On September 6, 2016, Plaintiffs filed a letter with the Court requesting, among other things, "an extension of time" in light of their intention to "file[] a motion in Ethiopia for purposes of compelling the heirs [] to disclose the written will." Dkt. No. 76. The Court construed Plaintiffs' request as an application for an extension of time to file a motion for substitution with respect to Mr. Bezzabeh, which the Court denied on September 8, 2016 for failure to provide good cause for their failure to file a renewed motion by the deadline establish in the Court's July 11, 2016 order. *Id.* at 1-2. In the September 8 order, the Court also dismissed without prejudice Plaintiffs' action against Mr. Bezzabeh. *Id.* at 2.

On February 28, 2017, Plaintiffs filed yet another request for substitution under Rule 25. Dkt. No. 114. Plaintiffs' latest application states that they are seeking to "substitute the administrator, attorney Amaha Mekonnen" for Mr. Bezzabeh "pursuant to FRCP 25." *Id.* Plaintiffs' application does not address the timeliness of their request nor the fact that the Court had previously dismissed Mr. Bezzabeh from this action.

## II. LEGAL STANDARD

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides:

2

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

As is evident on the face of the rule, a motion for substitution must be made within 90 days after the service of a statement noting the death. *See also, e.g.*, *Regalado v. Kohl's Dep't Stores, Inc.*, No. 13-cv-5624 (JS) (AKT), 2015 WL 8481881, at *1 (E.D.N.Y. Dec. 8, 2015); *Harp v. City of New York*, No. 01-cv-6604 (JGK), 2008 WL 2971702, at *2 (S.D.N.Y. July 31, 2008). In addition, the rule itself is phrased in permissive terms, and provides that a court "may," but is not required to, order substitution of a proper party. *See, e.g.*, *Fishman v. Cnty. of Nassau*, No. 10-cv-3231 (MKB), 2013 WL 1339466, at *15 (E.D.N.Y. Apr. 1, 2013) ("The language of Rule 25 is permissive, and the decision whether to substitute parties lies within the discretion of the trial judge and he may refuse to substitute parties in an action even if one of the parties so moves.") (quoting *Natale v. Country Ford Ltd.*, 287 F.R.D. 135, 137 (E.D.N.Y. 2012) (brackets and internal quotation marks omitted)); *U.S. ex rel. Colucci v. Beth Israel Medical Ctr.*, 603 F. Supp. 2d 677, 684 (S.D.N.Y. 2009) ("Courts have discretion to allow substitution under Rule 25(a)(1)).

### III.  DISCUSSION

As noted above, a statement noting Mr. Bezzabeh's death was made on March 11, 2016. Plaintiffs' February 28, 2017 motion for substitution—filed 354 days after the statement of death—is plainly untimely. And the Court has been provided with no basis for further extensions of time for Plaintiffs to move for substitution. The ninety-day limit provided in Rule 25(a)(1) can be extended "for good cause pursuant to Rule 6(b)," *Bussey v. City of New York*, No. 15-cv-3790 (ARR) (JO), 2016 WL 3277363, at *1 (E.D.N.Y. May 23, 2016), but Plaintiffs have not attempted to make such a showing. In any event, the Court would be inclined to exercise its discretion to deny Plaintiffs' latest substitution motion in light of the age of this case, the geographic location of the

administrator of Mr. Bezzabeh's estate and Plaintiffs' history of difficulty serving documents on individuals and entities located abroad, and the long passage of time that has elapsed since the statement of death was made in this case.

Furthermore, as noted, the Court dismissed the claims against Mr. Bezzabeh on September 8, 2016.  Dkt. No. 76 at 2.  Plaintiffs' motion seeks to substitute the administrator of Mr. Bezzabeh's estate for Mr. Bezzabeh at a time when Mr. Bezzabeh is no longer a party to this action.  Rule 25 does not contemplate such a procedure, however, and Plaintiffs' motion would have to be denied on this basis as well.

Accordingly, Plaintiff's motion for substitution is denied.  This denial is based upon Federal Rule of Civil Procedure 25, and is without prejudice to a separately filed action against the administrator or Mr. Bezzabeh's estate.

## IV. CONCLUSION

Plaintiffs' motion for substitution (Dkt. No. 114) is denied without prejudice to a separately filed action against the administrator of Mr. Bezzabeh's estate.

The Clerk of Court is directed to send a copy of this order to Plaintiffs Margie Chassman and Samey Gebremengist by certified mail.

SO ORDERED.

Dated: March 6, 2017　　　　　　　　　　　　　　_____
New York, New York　　　　　　　　　　　　　　GREGORY H. WOODS
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

4